[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2008
THOMAS K. KAHN
CLERK

----------------------------------------
No. 07-15953
Non-Argument Calendar
----------------------------------------

D.C. Docket  No. 94-00081-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD LYNN GRAY,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------

**(August 18, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Richard Gray ("Defendant") appeals his 18-month sentence imposed following revocation of his supervised release pursuant to 18 U.S.C. § 3583(e)(3).

The district court did not abuse its discretion in sentencing Defendant to 18 months' imprisonment. We affirm.

In 1994 Defendant was sentenced to 151 months' imprisonment and 3 years' supervised release after pleading guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2133(a). Supervision commenced in April 2005.

A superseding petition was filed in October 2007 alleging a number of violations of the terms of Defendant's supervised release. The petition alleged positive urinalysis for marijuana on four separate occasions, all in violation of condition seven of the standard conditions of supervision. The petition also alleged that Defendant had failed to notify his probation officer after being questioned by a law enforcement officer about a citation Defendant received for a safety-belt violation. In addition, the petition alleged that Defendant violated the special condition of his supervision when he was discharged from a residential re-entry center for attempting to defeat a drug test at the center.

At his final supervised-release-revocation hearing,[1] Defendant admitted to six separate violations of his terms of supervised release[2] Upon learning that

[1]The magistrate judge released Defendant following his first hearing, stating that the court would give him "[o]ne more chance . . . one. Only one."

[2]Defendant admitted to multiple positive drug tests, failure to notify his probation officer after being arrested or questioned by a law enforcement officer, and failure to reside in a residential re-entry center as ordered.

Defendant had tested positive for marijuana two additional times after his first revocation hearing, the magistrate judge ordered Defendant detained. The magistrate judge issued a Report and Recommendation, finding that Defendant had violated his supervised release. No objections were filed to the report.

At Defendant's sentencing hearing, the court found that Defendant had committed six violations of the conditions of his supervised release. The court determined that the applicable guidelines range was 8 to 14 months, with a statutory maximum of 2 years imprisonment. After hearing testimony from multiple witnesses, the court sentenced Defendant to 18 months' imprisonment with a request that he be admitted to a substance abuse program. Defendant objected to the sentence.

On appeal, Defendant argues that the district court failed to consider all of the section 3553(a) factors when sentencing him. We review a district court's decision, after revocation of supervised release, to impose a sentence above the range recommended by the Sentencing Guidelines for abuse of discretion. United States v. Brown, 224 F.3d 1237, 1239 (11th Cir. 2000). For sentences imposed upon revocation of supervised release, "it is enough that there is some indication the district court was aware of and considered [the applicable guidelines]." United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

For a discretionary revocation of supervised release (as here), the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). The section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" and "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (2)(D). We have regularly said that a district court need not account for every section 3553(a) factor, nor must the court discuss each factor and the role that it played in sentencing. See, e.g., United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

The district court here did not abuse its discretion when it sentenced Defendant to a term higher than the recommended guideline range. The district court specifically considered two of the section 3553(a) factors: (1) the history and characteristics of Defendant; and (2) the need to provide Defendant with treatment.

Considering Defendant's history and characteristics, the district court stated, "I've been doing this a while and this is one of the worst records I've ever seen starting with a robbery at 16 and continuing on through his life. He has been

4

given many, many chances. He's been given many, many opportunities to address his problems having to do with drugs, having to do with responsibility . . . ."

In imposing the sentence, the court also stated that the sentence would "give you enough that I hope you'll get through a drug rehabilitation program in the Bureau of Prisons so that when you come out next time you will be able to handle it." The record shows that the district court was aware that the Bureau of Prison's drug rehabilitation program requires a minimum commitment of 18 months. The court also stated that it would make an effort to accelerate the process of getting Defendant into the rehabilitation program.

AFFIRMED.