[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14063
Non-Argument Calendar
_____

D.C. Docket No. 1:12-tp-20139-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NABETSE DEARMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 25, 2014)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Nabetse DeArmas appeals his 24-month sentence imposed upon revocation of his supervised release term, pursuant to 18 U.S.C. § 3583(e).  On appeal, DeArmas contends his sentence is unreasonable.  After review, we affirm DeArmas's sentence.

## I.  CONVICTION AND SUPERVISED RELEASE

In 2009, DeArmas pled guilty to access device fraud and aggravated identity theft.  DeArmas's underlying offenses involved his use of fraudulent credit cards to purchase store merchandise.  DeArmas served a 37-month sentence.  On November 23, 2011, DeArmas began his three-year supervised release term.  As a mandatory condition of supervised release, DeArmas was prohibited from violating any state law.

On November 27, 2012, DeArmas again used fraudulent credit cards, this time to purchase store gift cards.  DeArmas was arrested and charged in Florida state court with trafficking in counterfeit credit cards and obtaining property under $20,000.  Based on these state charges, DeArmas's probation officer petitioned for revocation of supervised release.

## II. REVOCATION OF SUPERVISED RELEASE

At the revocation hearing, DeArmas admitted the state-law violations, and the district court revoked DeArmas's supervised release.  The probation officer's revocation report indicated that: (1) DeArmas had Grade B violations and a

2

criminal history category of IV, and (2) DeArmas's advisory guidelines range under Chapter 7 was 12 to 18 months' imprisonment. See U.S.S.G. § 7B1.4(a). Because DeArmas was on supervised release for a Class C felony, the statutory maximum sentence upon revocation was two years. See 18 U.S.C. § 3583(e)(3). The parties did not dispute the probation officer's guidelines calculations and jointly requested an 18-month sentence at the top of the advisory guideline range.

The district court imposed the statutory maximum 24-month sentence, followed by 12 months of supervised release and 450 hours of community service. In determining that "a sentence at the maximum, pursuant to statute, [was] the appropriate sentence," the district court stated that it had considered the § 3553(a) factors and cited specifically "the nature and circumstances of this offense and the history and characteristics of the Defendant, the need for the sentence imposed to promote respect for the law, to provide just punishment and afford adequate deterrence."

The district court pointed out that DeArmas already had committed three prior offenses involving credit card fraud between 2006 and 2009, and then exclaimed, "Wow." The district court described DeArmas's new credit card offenses as "plainly unacceptable conduct" and warned DeArmas that if he appeared before the court again for violating supervised release by committing identity theft or credit card fraud, the court would again "put [him] back in jail for

3

the maximum amount of time" possible and advised DeArmas that he "had better change [his] ways."

## III.  LEGAL PRINCIPLES  GOVERNING REVOCATION SENTENCES

When a  defendant violates a condition of supervised release, the court may revoke the term of supervised release and impose a prison term after considering certain factors set forth in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3583(e)(3).[1]  The district court also must consider the policy statements in Chapter 7 of the Sentencing Guidelines, one of which, U.S.S.G. § 7B1.4, provides recommended, non-binding ranges of imprisonment.  United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006); U.S.S.G. § 7B1.4.  However, the district court need not discuss or explicitly address on the record each § 3553(a) factor.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

"We review the sentence imposed upon the revocation of supervised release for reasonableness."  United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).  Our reasonableness review applies the deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 46, 128 S. Ct. 586,

---

[1]Specifically, in a revocation proceeding, the relevant factors the district court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence, protect the public and provide the defendant with needed educational or vocational training or medical care; (3) the Sentencing Guidelines range and pertinent policy statements of the Sentencing Commission; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution. See 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).

591, 594 (2007).  In reviewing for reasonableness, we first consider whether the district court committed any significant procedural error and then whether the sentence is substantively unreasonable in light of the relevant § 3553(a) factors and the totality of the circumstances.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  The party challenging the sentence has the burden to show it is unreasonable.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'"  United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597).  However, we will vacate such a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).

## IV.  DEARMAS'S CLAIMS

Procedurally, DeArmas contends that the district court failed to consider the advisory guidelines range and to give a specific reason for the 6-month upward variance from 18 months (the top end) to 24 months (the statutory maximum).  One of the § 3553(a) factors the district court must consider is the advisory

sentencing range recommended by Chapter 7 of the Sentencing Guidelines. See United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007). Given the advisory nature of the guidelines, it is sufficient if there is "some indication that the district court was aware of and considered" them. Id. at 1349 (quotation marks omitted).

Here, although the district court never expressly stated on the record that DeArmas's guidelines range was 12 to 18 months, the record indicates that the district court was fully aware of and considered that range. First, the district court stated that it had reviewed the probation officer's report, which contained the guidelines calculations and the resulting advisory guidelines range of 12 to 18 months. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (concluding that the district court considered the § 3553(a) factor and calculated the guidelines range based, in part, on the court's statements that it had considered the presentence investigation report and the parties' arguments). Second, the district court also stated that it had considered the § 3553(a) factors, one of which is the advisory guidelines range. The district court further stated it had considered the statements of the parties, which includes the parties' statements at the revocation hearing that 18 months was the high end of the guidelines range. See Scott, 426 F.3d at 1329-30 (concluding that the district court adequately considered the guidelines range when it "explicitly acknowledged that it had considered" the

defendant's arguments and the § 3553(a) factors).  Thus, the record reflects that the district court was aware of and considered the advisory guidelines range.

We also find no merit to DeArmas's claim that the district court failed to adequately explain the 24-month sentence imposed.  Although DeArmas stresses that he received the statutory maximum sentence, that sentence amounted to only a 6-month variance.  It is clear from the district court's statements during the revocation hearing that the court was concerned, based on DeArmas's condensed history of credit card fraud, that DeArmas was a persistent recidivist and that this concern was the reason for the 6-month variance.  Accordingly, DeArmas has not shown any procedural error in the court's imposition of his revocation sentence.

Finally, DeArmas has not shown that the 6-month variance is substantively unreasonable.  DeArmas's current supervised release violations are only the latest in a string of theft- and fraud-related convictions, many of which involved credit cards.  Between 2006 and 2009, DeArmas was convicted three times of offenses involving counterfeit credit cards bearing aliases which DeArmas used to purchase store merchandise, including laptop computers.  Specifically, in July 2007, DeArmas was convicted of access device fraud in the Middle District of Florida, and served a prison term of one year and one day.  In July 2008, DeArmas was convicted in Georgia state court of financial transaction fraud and forgery committed in 2006.  In fact, DeArmas was on supervised release for his 2007

federal offense when he committed the underlying credit card fraud offenses in this case in December 2008.  And, after serving a 37-month sentence and only one year into his current supervised release term, DeArmas again was caught using fraudulent credit cards.

DeArmas's history shows he is a particularly persistent recidivist who was undeterred by his previous one-year state sentence or his 37-month federal sentence.  Given the similarities between DeArmas's supervised release violations and his prior credit card fraud offenses, the district court was well within its discretion to give greater weight to DeArmas's criminal history.  See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given §3553(a) factor is a matter committed to the sound discretion of the district court . . . .").  DeArmas's criminal history and the need to protect the public from DeArmas and to deter further criminal conduct by DeArmas provided compelling justifications for the district court to impose the 6-month upward variance to the statutory maximum of 24 months.

There is no merit to DeArmas's argument that the district court inappropriately relied on his criminal history because the advisory guidelines range had already accounted for his prior convictions.  The district court may consider conduct used to calculate the advisory guidelines range in deciding whether to impose a variance in light of the § 3553(a) factors.  United States v. Amedeo, 487

8

F.3d 823, 833 (11th Cir. 2007). Furthermore, DeArmas's criminal history category did not reflect the short period of time in which DeArmas accrued his prior credit card fraud convictions or the rapidity with which DeArmas returned to credit card fraud once out of prison and on supervised release.

Under the totality of the circumstances, we cannot say the district court abused its discretion in imposing the 6-month upward variance.

**AFFIRMED.**