[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10788
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-00193-MEF-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN TOLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 9, 2014)

Before WILSON, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Alvin Toles appeals his 24-month imprisonment sentence for revocation of

his supervised release.  We affirm.

# I. BACKGROUND

In September 2004, Toles was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 71 months of imprisonment and 3 years of supervised release.  Toles began serving his term of supervised release on January 15, 2010.  On October 26, 2010, the district judge revoked Toles's term of supervised release, because he had been arrested for possessing a firearm. The judge sentenced Toles to 24 months of imprisonment, with no supervised release to follow.

On October 19, 2010, Toles was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He pled guilty to the charge, and on April 1, 2011, the district judge sentenced Toles to 27 months of imprisonment and 3 years of supervised release, to run concurrently with the 24-month imprisonment sentence imposed on October 26, 2010.  Toles began serving his second term of supervised release on March 8, 2013.

On November 21, 2013, the district judge revoked Toles's second term of supervised release, because Toles failed to comply with numerous terms of  his supervision.  The judge sentenced Toles to an imprisonment sentence of time-served, plus a 24-month term of supervised release, which was to begin upon Toles's release to Herring House, a residential substance-abuse-rehabilitation facility in Dothan, Alabama.  A mandatory term of supervised release required

2

Toles to attend and to comply with all obligations of Herring House for one year or until he was discharged successfully from the program.

Toles began his third term of supervised release on December 10, 2013, when he was released to Herring House. On January 6, 2014, Toles was discharged from Herring House for disruptive behavior and noncompliance with program rules and objectives. The same day, the government filed a petition to revoke Toles's third term of supervised release, based upon his discharge from Herring House.

At a revocation hearing, Toles admitted to violating a mandatory term of supervision; the district judge revoked Toles's term of supervised release. Before imposing the sentence, the judge recognized the applicable Sentencing Guidelines range was 7 to 13 months of imprisonment and the statutory maximum term was 24 months of imprisonment. Rather than imprisonment, Toles requested that he be sent to a facility that could provide both substance-abuse and mental-health treatment.

The judge denied the request and sentenced Toles to the statutory-maximum sentence and noted Toles had 22 prior convictions or adjudications and this was the third time the judge had revoked Toles's supervision. The judge explained a sentence above the Guidelines range was warranted, because Toles previously had received the benefit of lesser sentences but had not changed his behavior.

3

On appeal, Toles argues his 24-month imprisonment sentence is both plainly erroneous and unreasonable, because it is greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553. He also contends his sentence creates an unwarranted sentencing disparity among supervised-release-revocation cases, and he cites to two unpublished decisions, *United States v. DeArmas*, 556 F. App'x 854 (11th Cir. 2014) (per curiam), and *United States v. Gray*, 290 F. App'x 283 (11th Cir. 2008) (per curiam), to support this assertion.

## II. DISCUSSION

We review the sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam).[1] A district judge must impose a sentence that is both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Toles argues only that his sentence is substantively unreasonable. We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Id.* at 41, 128 S. Ct. at 591. The party who challenges the sentence bears the burden of establishing the sentence is unreasonable. *United States v. Dean*, 635 F.3d 1200, 1203-04, 1209 (11th Cir. 2011).

---

[1] Toles did not object to the reasonableness of his sentence in district court and concedes in his initial brief that plain-error review may apply. We need not decide if plain-error review applies, because we conclude there was no error, plain or otherwise.

A sentence is substantively unreasonable if it "fails to achieve the purposes of sentencing stated in 18 U.S.C. § 3553(a)." *Id.* at 1209. When revoking a defendant's term of supervised release and sentencing the defendant, the judge must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public; (4) the kinds of sentences and the Guidelines range; (5) any pertinent policy statements; and (6) the need to provide restitution to any victims. *See* 18 U.S.C. §§ 3583(e) & 3553(a)(1), (a)(2)(B)-(C), (a)(4), (a)(5), (a)(7).

A sentencing judge also must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). "A well-founded claim of disparity, however, assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (citation and internal quotation marks omitted) (noting codefendants were not similarly situated, when one defendant cooperated with the government and entered a plea agreement and the other defendant provided no assistance to the government and proceeded to trial).

In addition, a sentence is substantively unreasonable if the judge balances the § 3553(a) factors unreasonably or places unreasonable weight on a single factor. *United States v. Irey*, 612 F.3d 1160, 1192-93 (11th Cir. 2010) (en banc).

5

Toles has failed to meet his burden of proving his sentence is substantively unreasonable. *Dean*, 635 F.3d at 1203-04, 1209. In imposing the sentence, the district judge considered the relevant § 3553(a) factors. *See* 18 U.S.C. §§ 3583(e) & 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). The judge noted Toles's 22 prior convictions or adjudications and Toles's problems following rules. The judge also stated he had given Toles more chances than any other defendant he had seen in the last 12 years. This was the third time the judge had revoked Toles's term of supervised release. The judge explained he was imposing a sentence above the Guidelines range because of Toles's repeated failure to benefit from lesser sentences and treatment programs. Although Toles compares his 24-month sentence to the sentences imposed in *Gray* and *DeArmas*, Toles has not demonstrated that he is similarly situated to the defendants in those cases. In fact, he admits those defendants had committed different types of violations and had not "been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Accordingly, the district judge's decision to impose the statutory maximum of 24 years of imprisonment was substantively reasonable.

**AFFIRMED.**